UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-244-GWU

DEENA LYLES,                                                        PLAINTIFF,

VS:                               <u>MEMORANDUM OPINION</u>

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,[1]                 DEFENDANT,

<u>INTRODUCTION</u>

Deena Lyles brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

<u>APPLICABLE LAW</u>

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  <u>See</u> 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes,

_____

[1]On February 12, 2007, Michael J. Astrue became Commissioner of Social Security replacing Jo Anne B. Barnhart.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for her as the defendant in this action.

1

proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's

opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R.  404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir.

3

1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir.  1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."  20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

4

The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  Varley v. Secretary of Health and Human Services, 820  F.2d 777 (6th Cir.  1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Lyles, a 47 year-old former pizza delivery person, telemarketer, and temporary factory worker with a high school education, suffered from impairments related to a depressive disorder, an anxiety disorder, substance abuse and being status post fracture of the right clavicle.  (Tr. 13, 19).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 19).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 20).  The ALJ based this decision, in part, upon the testimony of a vocational expert.  (Tr. 18-19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the

plaintiff.

The hypothetical question initially presented to Vocational Expert Katherine Bradford included an exertional limitation to medium level work, restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally stoop or climb; (2) a need to avoid exposure to vibration; (3) an inability to ever perform repetitive flexion or extension of the wrist; and (4) a restriction to simple tasks in small group settings. (Tr. 237). In response, Bradford identified a significant number of jobs which could still be performed. (Tr. 237-238). The ALJ then included such mental restrictions as a "moderately" limited ability in such areas as (1) performing within a schedule, maintaining regular attendance, and being punctual within customary tolerances; (2) completing a normal workday and workweek without interruption and performing at a consistent pace without an unreasonable number and length of rest periods; and (3) responding appropriately to changes in the work setting. (Tr. 238). The witness indicated that the  previously-cited jobs could still be performed. (Tr. 238). Therefore, assuming that the vocational factors considered by Bradford fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Lyles was found capable of performing a restricted range of medium level work in an administrative decision which became final on December 1, 2000. (Tr. 31-35). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual

functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..."  The ALJ's findings of a restricted range of medium level work was in accord with these directives.

No new and material evidence suggests a change in Lyles physical condition.   The ALJ's findings were consistent with the physical restrictions indicated by Dr. Gary Higgason (Tr. 168-176) and Dr. Timothy Gregg (Tr. 177-183), the non-examining medical reviewers.   More severe physical restrictions than those presented in the hypothetical question were not reported by such treating and examining sources as the staff at Memorial Hospital (Tr. 117-133), the staff at the Kate Ireland Healthcare Center (Tr. 134-151, 216-218), and Dr. Bobby Kidd (Tr. 152-159).  Therefore, substantial evidence supports this portion of the ALJ's decision.

The ALJ also dealt properly with the evidence relating to Lyles' mental condition.    The mental factors considered by Bradford were essentially consistent with the restrictions identified by Psychologist Ann Demaree, a non-examining medical reviewer.[2]   (Tr. 184-185).   More severe, specific mental limitations were not identified by the staff at the Cumberland River Comprehensive Care Center (Tr. 205-215).   These reports provide substantial evidence to support the administrative decision.

_____

[2]The plaintiff notes that Demaree indicated on the Psychiatric Review Technique Form that she was "moderately' limited in maintaining attention and concentration, persistence and pace.  (Tr. 199).  However, this notation is contradicted by the reviewer on the assessment form upon which Demaree indicated no significant limitation of ability to maintain attention and concentration for extended time periods.  (Tr. 184). The ALJ could reasonably rely upon the assessment form.

Psychologist Kenneth Starkey, an examining consultant, stated that Lyles would need at least six months of mental health treatment in order to be rendered capable of performing work activity.  (Tr. 166).  Starkey diagnosed alcohol dependence, cannabis dependence, nicotine dependence, a possible alcohol-induced amnesiac disorder, and a possible alcohol-induced anxiety disorder.  (Tr. 165).  The examiner stated that Lyles' mental problems were all a direct result of her chemical dependence or exacerbated by it.  (Tr. 165-166).  An amendment enacted in 1996 to the Social Security Act, codified at 42 U.S.C. Section 423(d)(2)(C) provides that "an individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would [but for this subparagraph] be a contributing factor material to the Commissioner's determination that the individual is disabled."  Therefore, this opinion could not be relied upon to support the plaintiff's claim of disabled status.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this decision.

This the 28th day of February, 2007.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

8